106 F.3d 402
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fausto CRUZ-ACEVEDO, Defendant-Appellant.
 No. 95-3960.
 United States Court of Appeals, Sixth Circuit.
 Dec. 23, 1996.
 
 On Appeal from the United States District Court for the Northern District of Ohio, No. 90-00037; George W. White, Chief Judge.
 N.D.Ohio
 VACATED.
 Before: MERRITT, JONES and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-Appellant Fausto Cruz-Acevedo appeals the district court's order denying his motion filed under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. We hold that the district court erred in imposing a three-level upward adjustment for the defendant's role in the drug conspiracy. Further, we hold that the district court erred in calculating the defendant's downward adjustment for acceptance of responsibility under the United States Sentencing Guidelines in effect at the time of the defendant's original sentencing in 1991 rather than those in effect at the time of his resentencing in 1995. Accordingly, we vacate the sentence imposed by the district court and remand the case for resentencing.
 
 I.
 
 2
 There is no dispute about the role of the defendant, Fausto Cruz-Acevedo ("Defendant"), as the interpreter in a conspiracy between drug suppliers in New York city and their customers in Youngstown, Ohio. The leaders of the conspiracy in Ohio spoke English and the suppliers in New York spoke Spanish. Defendant traveled between New York and Ohio, occasionally by plane with the leader of the New York group, Raphael Licil, and sometimes on the bus with the drug couriers or "mules." In his role as interpreter, Defendant also participated in phone calls between the two groups. In addition to serving as the primary interpreter, Defendant also carried cash to New York to pay for the drugs.
 
 
 3
 In 1991, Defendant pleaded guilty to a cocaine conspiracy charge, in violation of 21 U.S.C. § 841, and was sentenced to 230 months incarceration. Defendant's sentence was enhanced by three levels for his role as a "manager or supervisor" under the provisions of section 3B1.1(b) of the United States Sentencing Guidelines ("U.S.S.G."). See United States Sentencing Commission, Guidelines Manual, § 3B1.1 (Nov. 1990). Defendant also received a two-level, downward adjustment for acceptance of responsibility, the maximum downward adjustment available under U.S.S.G. § 3E1.1(b) for acceptance of responsibility at the time his sentence was imposed. Defendant did not exercise his right to a direct appeal.
 
 
 4
 In 1995, Defendant filed a motion under 28 U.S.C. § 2255 to set aside his sentence on various grounds. Defendant was granted a resentencing hearing because he was not notified of his right to appeal at his sentencing hearing in 1991. The other issues in his 28 U.S.C. § 2255 motion were dismissed and are not appealed herein.
 
 
 5
 At the resentencing, the district court refused to reconsider the three-level enhancement for Defendant's role in the offense or consider whether Defendant was eligible to be sentenced under the guideline then in effect for acceptance of responsibility. The district court then imposed the same sentence Defendant had received at his 1991 sentencing hearing. Thereafter, Defendant appealed to this court.
 
 II.
 
 6
 Because a district court's determination of a defendant's role in an offense is "heavily dependent on the facts," we will reverse that determination only if it is clearly erroneous. United States v. Okayfor, 996 F.2d 116, 122 (6th Cir.) (per curiam), cert. denied, 114 S.Ct. 238 (1993); see United States v. Williams, 962 F.2d 1218 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992). Although we review a district court's findings of fact underlying the application of a sentencing guideline for clear error, we review de novo whether the facts warrant the application of a particular guideline. United States v. Smith, 39 F.3d 119, 122 (6th Cir.1994).
 
 III.
 
 7
 Defendant first contends that the district court improperly enhanced his sentence pursuant to U.S.S.G. § 3B1.1(b) based on a clearly erroneous determination that he was a manager or supervisor in the cocaine conspiracy. Section 3B1.1 of the Guidelines provides:
 
 
 8
 Based on the defendant's role in the offense, increase the offense level as follows:
 
 
 9
 * * *
 
 
 10
 (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
 
 
 11
 In the present case, the government failed to prove that Defendant possessed sufficient supervisory or managerial control in the conspiracy to warrant application of the three-level enhancement under section 3B1.1. See United States v. Ledezma, 26 F.3d 636, 644 (6th Cir.) (the government bears the burden of establishing the factors supporting enhancement by a preponderance of the evidence), cert. denied, 115 S.Ct. 349 (1994). In fact, the government presented no witnesses or evidence at all to show that Defendant had authority to make decisions or to control any aspect of the cocaine transactions. Conversely, Defendant has presented the statements of two of his co-defendants that demonstrate that he actually played a very limited role in the conspiracy:
 
 
 12
 Benson stated that from what he observed of the dealings between [Kevin] Young [a leader of the Ohio conspiracy], Fausto Cruz-Acevedo, Raphael Licil [a leader of the New York group], or Miguel Pagan [also a leader of the New York group], Benson believes that Pagan was the leader or individual in charge of the sale of cocaine.... [H]e believes Pagan was in charge because when Young had a question concerning the cocaine, such as price, [Young] would ask Fausto Cruz [in English], Cruz would then turn and speak in Spanish to Pagan who would respond and then Fausto would give Young the answer....
 
 
 13
 Federal Bureau of Investigation Form FD-302, Statement of Edward Raphael Benson. (J.A. at 95).
 
 
 14
 Turner advised that he believes Licil to be the one in charge because, for example, Fausto would have a conversation with Licil in Spanish and would then ask Larry Turner where Kevin [Young] or Anthony [Haynes] was.
 
 
 15
 Federal Bureau of Investigation Form FD-302, Statement of Larry Turner. (J.A. at 101). Thus, the evidence available to the district court actually indicated that Defendant possessed no supervisory or managerial control over the conspiracy at all.
 
 
 16
 Accordingly, after a careful review of the record, we conclude that the lower court's determination that Defendant played a managerial or supervisory role in the cocaine conspiracy was clearly erroneous. Therefore, we hold that the district court erred in enhancing Defendant's sentence under U.S.S.G. § 3B1.1(b).
 
 IV.
 
 17
 Defendant next contends that the district court erred in resentencing him because it applied the Guidelines in effect at the time of his original sentencing in 1991 rather than those in effect at the time of the resentencing in 1995. Specifically, Defendant claims that the district court, when it resentenced him on August 10, 1995, should have applied the amendment to U.S.S.G. § 3E1.1 that was effective on November 1, 1992. Pursuant to the amended U.S.S.G. § 3E1.1, a defendant is entitled to an additional point in the downward departure for acceptance of responsibility. Compare United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1990) with United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1994).
 
 
 18
 It is well settled that the district court must apply the version of the Guidelines in effect on the date of sentencing. See 18 U.S.C. § 3553(a)(4)(A); U.S.S.G. § 1B1.11(a); United States v. Clemons, 999 F.2d 154, 158 (6th Cir.1993), cert. denied, 510 U.S. 1050 (1994). Generally, upon remand for sentencing, a district court must apply the version of the Guidelines in effect on the date of that resentencing unless the application of the later version would pose an ex post facto issue and result in a harsher sentence. Clemons, 999 F.2d at 158, 159.
 
 
 19
 After careful review of the record, we hold that the district court erred in applying the Guidelines in effect in 1991 to calculate Defendant's downward departure for acceptance of responsibility. Because there was no ex post facto issue in the subject case, the district court should have applied the Guidelines in effect at the time of Defendant's resentencing hearing in 1995. See United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1994).
 
 V.
 
 20
 Accordingly, the sentence imposed by the district court is hereby VACATED and the case REMANDED for resentencing in accordance with this opinion.